UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| ANDRE GIBSON,<br>Movant,<br>vs.<br>UNITED STATES OF AMERICA,<br>Respondent. | 5:26-CV-05098-KES<br><br>ORDER DENYING MOTION FOR RELIEF (DKT. 3) |

Movant Andre Gibson has filed a pro se motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255. See Dkt. 1. The United States of America has not yet responded to the motion. Currently before the Court is Mr. Gibson's motion requesting discovery, an evidentiary hearing, or, in the alternative, appointment of counsel. Dkt. 3. For the reasons below, the motion for relief (Dkt. 3) is denied.

**I. Request for Discovery**

Mr. Gibson first seeks the Court's "assistance in obtaining discovery, records and/or documents" necessary to support his claims. Dkt. 3 at 1. Under Rule 6(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts ("Habeas Rules"), the Court may authorize a party to conduct discovery for good cause. However, the party requesting discovery must provide reasons for the request, and the request must "include any proposed interrogatories and requests for admission, and must specify any

requested documents." Habeas Rule 6(b). Because Mr. Gibson's discovery request does not comply with Habeas Rule 6, the request for discovery is denied at this time.

**II. Request for Evidentiary Hearing**

Mr. Gibson also requests that the Court grant an evidentiary hearing on this matter. Dkt. 3 at 1. Under Rule 8 of the Habeas Rules, the Court determines whether an evidentiary hearing is warranted *after* reviewing the answer, any transcripts and records of prior proceedings, and any additional materials relating to the motion. The Court has ordered service of the motion and directed the government to respond by September 25, 2026. Dkt. 5. Because the government has not yet filed an answer and the time for doing so has not yet expired, the request for an evidentiary hearing is denied as premature.

**III. Request for Appointment of Counsel**

Finally, Mr. Gibson requests appointment of counsel to assist him with his case. Dkt. 3 at 2. "There is no recognized constitutional right under the Sixth Amendment for the appointment of counsel in habeas corpus cases." Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994). Because a habeas action is civil in nature, the Sixth Amendment right to counsel applicable in criminal proceedings does not apply. Id. However, under the Habeas Rules, the Court may appoint counsel for a financially eligible person if required by the interests of justice. See Habeas Rules 6(a), 8(c). In exercising this discretion, the Court considers "the legal complexity of the case, the factual complexity of the case,

and the petitioner's ability to investigate and present his claims, along with any other relevant factors." Hoggard, 29 F.3d at 469.

Mr. Gibson seeks appointment of counsel to "obtain records and/or properly present constitutional issues." Dkt. 3 at 2. In his § 2255 motion, Mr. Gibson presented his nine grounds for relief in an understandable manner. See Dkt. 1. He has not shown, nor does the Court find, that this case involves complex facts or law. It is not yet known what issues will be contested by the government or what supporting materials the government may produce because the government has yet to respond to Mr. Gibson's motion. At this stage, the Court finds Mr. Gibson has not shown appointment of counsel is warranted. Accordingly, the request for appointment of counsel is denied without prejudice.

Based on the foregoing law, facts, and analysis, it is hereby

ORDERED that Mr. Gibson's motion for relief (Dkt. 3) is denied.

DATED this 26th day of August, 2026.

BY THE COURT:

MARK W. HAIGH
United States Magistrate Judge